# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **VINCENT G.,**<br><br>    Plaintiff,<br><br>v.<br><br>**NANCY A. BERRYHILL, Acting Commissioner of Social Security,**<br><br>    Defendant. | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:17-cv-01112-DB-PMW**<br><br>**District Judge Dee Benson**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Vincent G.'s ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical impairments. On March 26, 2014, Plaintiff applied for DIB, alleging disability beginning on December 1, 2011.[2] Plaintiff's

---

[1] *See* docket no. 18.

[2] *See* docket no. 14, Administrative Record ("AR ___") 146-47.

application was denied initially and upon reconsideration.[3] On December 10, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[4] That hearing was held on July 15, 2016.[5] On September 15, 2016, the ALJ issued a written decision denying Plaintiff's claim for DIB.[6] On August 18, 2017, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. On October 5, 2017, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[8]

## STANDARD OF REVIEW

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). This court reviews the Commissioner's final decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

---

[3] *See* AR 60, 72.

[4] *See* AR 96-97.

[5] *See* AR 32-55.

[6] *See* AR 17-31.

[7] *See* AR 1-6.

[8] *See* docket no. 2.

conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## ANALYSIS

In support of his claim that the ALJ's decision should be reversed, Plaintiff argues generally that the decision is not supported by substantial evidence. Specifically, Plaintiff asserts that the ALJ erred by failing to discuss some examination findings from April 2014 ("April 2014 Examination")[9] and the results of a lower back MRI from January 2011 ("January 2011 MRI").[10] For the following reasons, the court concludes that Plaintiff's argument fails.

First, directly contrary to Plaintiff's argument, the ALJ's decision specifically discusses both the April 2014 Examination and the January 2011 MRI.[11] For that reason alone, the court must conclude that Plaintiff's argument is fundamentally flawed and without merit.

Second, the court concludes that Plaintiff's argument is nothing more than an attempt to reargue the weight of the evidence before the ALJ. That is an unavailing tactic on appeal. It is

---

[9] *See* AR 411-412.

[10] *See* AR 345.

[11] *See* AR 24.

not this court's role to reweigh the evidence before the ALJ.  *See Madrid*, 447 F.3d at 790.  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.  *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight") (emphasis omitted); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.") (quotations and citations omitted) (alteration in original).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that the Commissioner's decision in this case be AFFIRMED.  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 4th day of March, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge